IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RESHUNN D. CHAMBERS | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-10-CV-1480-G |
| DALLAS COUNTY, ET AL. | § § | |
| Defendants. | § § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Reshunn D. Chambers, a pretrial detainee, challenging various aspects of his confinement while incarcerated in the Dallas County Jail. On July 28, 2010, plaintiff tendered a handwritten civil rights complaint and a motion for an immediate hearing or injunction to the district clerk. However, plaintiff did not pay the statutory filing fee or a motion to proceed *in forma pauperis*. On August 13, 2010, the court notified plaintiff of this deficiency and warned that the case would be dismissed unless he either paid the filing fee or sought leave to proceed *in forma pauperis* within 20 days. *See* Order, 8/13/10. The court also sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Both the deficiency notice and interrogatories were mailed to plaintiff at the Collin County Detention Facility -- the address listed in his complaint. On August 24, 2010, the unopened envelope

containing the deficiency notice and interrogatories was returned to the clerk with the notation, "Refused. Not in Custody." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent a deficiency notice and written interrogatories to plaintiff at the Collin County Detention Facility -- the only address provided to the clerk. However, plaintiff is no longer incarcerated at that facility and has not provided the court with his current address. Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Chieves v. Greyhound Bus Station*, No. 3-08-CV-2294-L, 2009 WL 464237 at *2 (N.D. Tex. Feb. 24, 2009) (dismissing *pro se* complaint for failure to provide court with current address).

**RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 30, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE